**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

D'AQUILA ADVISORS LLC
4300 Marsh Landing Blvd. Suite 201
Jacksonville Beach, FL 32250

   Plaintiffs,

    vs.

KIRSTJEN M. NIELSEN, Secretary
of Homeland Security
Washington, DC  20528

L.FRANCIS CISSNA, Director of the United States Citizenship and Immigration Services
20 Massachusetts Avenue, N.W.
Washington, DC 20529

KATHY BARAN, Director of the United States Citizenship and Immigration Services' California Service Center
24000 Avila Rd
Laguna Niguel, CA 92677

    Defendants.

Civil Action No. 19-0036 (TNM)

FIRST AMENDED COMPLAINT
JUDGE TREVOR N. MCFADDEN

## INTRODUCTION

1. The Plaintiff now files this First Amended Complaint pursuant to Rule 15(a) (1)(B) of the Federal Rules of Civil Procedure as a matter of course within 21days of the service of a Motion under Rule 12(6).

- 1 -

2. The plaintiff, D'Aquila Advisors LLC (D'Aquila) now brings this action on its claim that the United States Citizenship and Immigration Services (USCIS or agency)'s decision of July 12, 2018, rejecting its petition to classify Yuting Liu as a nonimmigrant specialty occupation worker, as well as its decision of March 12, 2019, rejecting D'Aquila's motion to reconsider and/or reopen that decision, and the amended petition filed therewith, are both unlawful and should be set aside inasmuch as they are arbitrary, an abuse of discretion and/or not in accordance with law. Further, inasmuch as decisions on D'Aquila's motion has been unreasonably delayed by the agency's unlawful rejections, USCIS should be ordered to re-adjudicate it in no less than thirty (30) days after this Court's decision holding the motion's rejection unlawful and setting it aside.

3. D'Aquila is a CPA and Consulting firm located at 4300 Marsh Landing Blvd, Suite 201, Jacksonville Beach, FL 32082. Founded in 2009, it has been delivering services to clients based on its strong expertise in the taxation and accounting fields, and has clients in 26 states and 6 countries. Exhibit A at 41.

4. On April 2, 2018, D'Aquila filed a form I-129, petition for nonimmigrant worker, with the USCIS seeking to classify Yuting Liu as a nonimmigrant specialty occupation worker (H-1B). Exhibit A at 6. Ms. Liu is a citizen of the People's Republic of China, Exhibit A at 27, in the United States as a foreign student (F-1 nonimmigrant). Exhibit A at 30. D'Aquila offered her the job of international accountant starting from October 1, 2018. Exhibit A at 42. Ms. Liu is well qualified for this position on account of her Master of Business Administration degree from Jacksonville University, with a specialization in accounting and finance. Exhibit A at 73. Unfortunately, on July 12, 2018, the USCIS rejected this petition, stating that:

> All H-1B cap-subject petitions received at the California or Vermont Service Centers from April 2, 2018 to April 6, 2018 were subject to a computer-generated random selection process ("lottery"). USCIS received your cap-subject H-1 B petition during this filing period and your petition was selected towards the cap. However, upon review it has been determined that your petition was not properly filed. USCIS does not consider the petition to be properly filed for the reason(s) noted below.
> Therefore, USCIS has rejected the petition and is returning it to you. Please do not resubmit this petition as the H-1B cap for FY 19 closed on April 6, 2018.
> Your Form I-129 petition subject to FY 19 cap did not list an employment start date of 10/01/2018 or later. You listed 10/01/2017 TO 08/24/2021 on your petition as the employment start date.

Exhibit B.

5. On August 13, 2018, D'Aquila filed a motion to reconsider and/or reopen the agency's rejection. Exhibits C and D. The motion to reconsider argued that the USCIS had improperly rejected the petition inasmuch as the fact that it had requested a start date prior to October 1, 2018 was not a lawful reason for rejection. D'Aquila also moved the agency to reopen visa petition proceedings to accept an amended Form I-129, indicating that Ms. Liu's period of requested stay would begin on October 1, 2018. Exhibit C at 15-18. This motion was supported by the same papers which the petitioner had initially filed with the USCIS on April 2, 2018, Exhibit C at 28-121, except that the petition start date had been changed to October 1, 2018, Exhibit C at 36, and a new filing fee check was filed in support of the petition. Exhibit C at 1.

6. On August 24, 2018, USCIS issued D'Aquila a receipt for the $675 filing fee it paid in support of the motion, assigned the motion File No. WAC1890364766, and indicated that "the above case has been received by our office and is in process". Exhibit D. However, inasmuch as no further action was taken in this matter thereafter, on January 7, 2019 D'Aquila commenced this action seeking to compel a decision on its motion. ECF Doc. No. 1. This resulted in the

agency's decision of March 12, 2019, rejecting the motion. Exhibit E. The decision, entitled "notice of rejection of motion", wrote that

> Your Form I-290B is being returned and the fee is being returned/refunded. Because the Form l-129 petition was rejected as improperly filed, USCIS did not consider your Form I-129 petition as properly filed, assign a receipt number, or issue a decision on the merits of the petition. You cannot appeal or file a motion to reconsider or reopen the rejection of a petition.

7. The decision also stated that USCIS reviewed the matter and determined that the initial Form I-129 was properly rejected because D'Aquila's petition requested authorization to employ the beneficiary beginning in Fiscal Year (FY) 2018, and its petition was filed after the FY 2019 final receipt date. The decision ignored the Declaration of Robin Siegel swearing that the USCIS often approved H-1B petitions to begin on dates later than the start date requested on the petition.

8. This Amended Complaint ensued.

## **JURISDICTION**

9. This being a civil action against the United States arising the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., all laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## **DESCRIPTION OF PARTIES**

10. The plaintiff, D'AQUILLA ADVISORS LLC is a Florida Limited Liability Company.

11. The defendant, KIRSTJEN M. NIELSEN, is the Secretary of Homeland Security, and as such has the authority to adjudicate H1B petitions and motion to reconsider and/or reopen. She resides for official purposes in the District of Columbia.

12. The defendant, L. FRANCIS CISSNA, is the Director of the United States Citizenship and Immigration Services (USCIS), the agency within the Department of Homeland Security which adjudicates H1B petitions and motion to reconsider and/or reopen. He resides for official purposes in the District of Columbia.

13. The defendant, KATHY BARAN, is the Director of the USCIS's California Service Center which has rejected D'AQUILLA ADVISORS LLC's H1B petition and motion to reconsider and/or reopen. She resides for official purposes in the State of California.

## COUNT I

USCIS'S DECISION OF JULY 12, 2018 REJECTING D'AQUILA'S FORM I-129 WAS UNLAWFUL AND SHOULD BE SET ASIDE AS NOT IN ACCORDANCE WITH LAW, ARBITRARY AND AN ABUSE OF DISCRETION

## COUNT IA

USCIS'S DECISION OF JULY 12, 2018 WAS NOT IN ACCORDANCE WITH LAW

14. 5 U.S.C. § 706 provides in relevant part that:
To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
(1) compel agency action unlawfully withheld or unreasonably delayed; and
(2) hold unlawful and set aside agency action, findings, and conclusions found to be—
(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
…
15. The USCIS's decision of July 12, 2018 rejecting D'Aquila's Form I-129 was not in accordance with law. The stated basis for the rejection was: "Your Form I-129 petition subject

to FY 19 cap did not list an employment start date of 10/01/2018 or later. You listed

_____10/01/2017 TO 08/24/2021 _____ on your petition as the employment start

date."

Exhibit B.

16. However, 8 CFR 103.2(a) (7) provides that:

Benefit requests submitted.
(i) USCIS will consider a benefit request received and will record the receipt date as of the actual date of receipt at the location designated for filing such benefit request whether electronically or in paper format.
(ii) A benefit request which is rejected will not retain a filing date. A benefit request will be rejected if it is not:
(A) Signed with valid signature;
(B) Executed;
(C) Filed in compliance with the regulations governing the filing of the specific application, petition, form, or request; and
(D) Submitted with the correct fee(s). If a check or other financial instrument used to pay a fee is returned as unpayable, USCIS will re-submit the payment to the remitter institution one time. If the instrument used to pay a fee is returned as unpayable a second time, the filing will be rejected and a charge will be imposed in accordance with 8 CFR 103.7(a)(2).
(iii) A rejection of a filing with USCIS may not be appealed.

17. This petition was certainly: (A) Signed with valid signature; (B) Executed; and (D) Submitted with the correct fee(s).

18. The only conceivable basis for rejection therefore was that the petition was not "(C) Filed in compliance with the regulations governing the filing of the specific application, petition, form, or request;"

19. The rejection notice fails to identify any regulation the petition was not filed in accordance with. Neither is one apparent. In particular, neither 8 CFR § 214.2(h) nor any other regulation places any restriction on the start date which may be requested in an H-1B petition,

except that 8 C.F.R. § 214.2(h)(9)(B) provides that "The petition may not be filed or approved earlier than 6 months before the date of actual need for the beneficiary's services or training,". However, this petition was not filed earlier than 6 months before the date of actual need for the beneficiary's services or training. In fact, while the agency claimed in Exhibit E that because D'Aquila's petition requested authorization to employ the beneficiary beginning in FY 2018, and its petition was filed after the FY 2018 final receipt state, it was properly rejected, again it cited no authority in support of this conclusion and none is apparent.  In fact,  it has been held that even where an H-1B petition seeks the approval of cap-subject petition for a beneficiary effective October 1 of the applicable Fiscal Year,  the  USCIS may (and did) change the beneficiary's nonimmigrant status to H-1B prior to the start of that fiscal year.  *Eva Care Grp., LLC v. Baran*, No. CV 17-4250-DMG (JPRx), 2018 U.S. Dist. LEXIS 218854, at *8 (C.D. Cal. May 23, 2018). If the USCIS itself can – and does – approve changes of status to H-1B for the beneficiaries of cap subject petitions prior to the start of the applicable Fiscal Year, there is no lawful reason for it to deny a cap-subject petition merely because it requests a start date prior to the beginning of that year.

Accordingly, the Form I-129 was filed in compliance with regulations governing the filing of H-1B petitions, and therefore the decision rejecting it was not in accordance with law.

COUNT IB

USCIS'S DECISION OF JULY 12, 2018 WAS  ARBITRARY BECAUSE IT DID NOT EXPLAIN ITS DEPARTURE FROM ITS PRIOR PRACTICE OF APPROVING H-1B PETITIONS WITH START DATES LATER THAN THOSE REQUESTED IN THE PETITION AND AN ABUSE OF DISCRETION BECAUSE IT FAILED TO CONSIDER EVIDENCE CONTRADICTING ITS CONCLUSIONS

    20. The rejection also represented an unexplained departure from USCIS's long standing practice of approving H-1B petitions with a start date after the starting date requested on the

petition. See the Declaration of Robin Siegel, Exhibit C at 19-23. An abrupt change in agency policy or decision pattern without adequate explanation of the rationale may be arbitrary and capricious and therefore unlawful. *See, e.g., Davila-Bardales v. INS*, 27 F.3d 1,5 (1st Cir. 1994) ("This zigzag course is not open to an agency when, as now, the agency has failed to explain why it is changing direction."); *De Leon v. Holder*, 761 F.3d 336, 345 (4th Cir. 2014) ("The BIA cannot apply its official-restraint standard broadly when broadness favors the government's position and narrowly when it does not."); *see also INS v. Yang*, 519 U.S. 26, 32 (1996) ("If an agency announces and follows—by rule or by settled course of adjudication—a general policy by which its exercise of discretion will be governed, an irrational departure from that policy (as opposed to an avowed alteration of it) could constitute action that must be overturned."); *N.Y. Cross Harbor R.R. v. Surface Transp. Bd.*, 374 F.3d 1177, 1181 (D.C. Cir. 2004); *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. NLRB*, 802 F.2d 969, 973-74 (7th Cir. 1986) (emphasizing agency cannot change direction without explaining rationale for change); *McHenry v. Bond*, 668 F.2d 1185, 1193 (11th Cir. 1982) (concluding explanation for change was irrational and thus arbitrary and capricious).

21. The decision does not explain why despite the fact the petition asked for a start date of October 1, 2017 (and an end date of September 30, 2020) it could not simply have approved it with a start date of October 1, 2018 (and the same end date). Nor did it explain why it was deviating in this instance from its long standing policy of approving petitions with start dates later than the one request in the petition (as Per Ms. Siegel's Declaration).

22. Finally, the agency abused its discretion by simply ignoring Ms. Siegel's Declaration *See e.g.*, *Genuine Parts Co. v. EPA*, 890 F.3d 304, 312 (D.C. Cir. 2018) ("[A]n agency cannot

ignore evidence contradicting its position." (quoting *Butte Cty. v. Hogen*, 613 F.3d 190, 194, 392 U.S. App. D.C. 25 (D.C. Cir. 2010)).

Accordingly, the decision of July 12, 2018 rejecting D'Aquila's petition was unlawful and should be set aside because it was arbitrary and an abuse of discretion.

## COUNT II

USCIS'S DECISION OF MARCH 12, 2019 REJECTING D'AQUILA'S FORM I-129 WAS UNLAWFUL AND SHOULD BE SET ASIDE AS NOT IN ACCORDANCE WITH LAW, ARBITRARY AND AN ABUSE OF DISCRETION

## COUNT IIA

THE USCIS DID NOT ACT IN ACCORDANCE WITH LAW WHEN IT REJECTED D'AQUILA'S MOTION TO REOPEN ITS REJECTION OF ITS H-1B PETITION AFTER ACCEPTING IT FOR FILING

23. The USCIS first accepted D'Aquila's motion to reconsider and/or reopen on August 24, 2018 and assigned it File No. WAC1890364766. Exhibit D.  Not until March 12, 2019, over 6 months after accepting it for filing, and more than two months following D'Aquila's commencement of a lawsuit to compel a decision, ECF Doc. No. 1, did the USCIS announce that it was rejecting the motion. Exhibit E.

However, 8 C.F.R. § 103.2(a)(7)(i) provides that "Benefit requests submitted.
   **(i)** USCIS will consider a benefit request received and will record the receipt date as of the actual date of receipt at the location designated for filing such benefit request whether electronically or in paper format.

24. There is no provision of law or regulation permitting USCIS to reject a benefit request once it has recorded the receipt date as of the actual date of receipt at the location designated for filing such benefit request and even issued a fee receipt. Accordingly, USCIS's rejection of D'Aquila's motion was not in accordance with law.

## COUNT IIB

USCIS'S REASON FOR REJECTING D'AQUILA'S MOTION WAS NOT IN ACCORDANCE WITH LAW

25. USCIS rejected D'Aquila's motion to reconsider and/or reopen the rejection of its petition because it claimed that "You cannot appeal or file a motion to reconsider or reopen the rejection of a petition." Exhibit E at 1.  This decision was not in accordance with law.

26. Granted, 8 C.F.R. 103.2(a)(7)(iii) provides that "A rejection of a filing with USCIS may not be appealed."  However, not only is a motion to reopen or reconsider not an appeal, but the fact that the regulation expressly states that a rejection may not be appealed is in itself compelling evidence it may be the subject of a motion to reopen or reconsider, since if it were self-evident that a rejection could not be the subject of any post-decision remedy, then the statement that it could not be appealed would be superfluous. *Hill v. Coggin*s, 867 F.3d 499, 509 (4th Cir. 2017), citing *TRW, Inc. v. Andrews*, 534 U.S. 19, 31, 122 S. Ct. 441, 151 L. Ed. 2d 339 (2001) ("It is a cardinal principle of statutory [and regulatory] construction that a statute [ or regulation] ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." (internal quotation marks omitted; bracketed words in the original))

27. Further, there is a second reason why the fact that the regulation specifically bars appeals of rejections indicates that motions to reconsider or reopen may be filed in response to rejections. "The well-settled rule of statutory construction, *expressio unius est exclusio alterius*,

suggests that by specifically barring only section 245 relief in 8 C.F.R. §245.l(c), but making no mention of relief under the Cuban Adjustment Act, the Attorney General has declined to exercise her discretion to bar Cuban Adjustment Act petitions." *Matter of Artigas*, 23 I&N Dec. 99, 105 (BIA 2011)**.** Likewise, the same rule suggests that by specifically barring only the appeal of rejections, but making no mention of motions to reconsider or reopen, the Secretary of Homeland Security has declined to exercise her discretion to bar such motions in response to rejections.

28. Finally, in *Russello v. United States*, the Supreme Court observed that "[w]here Congress includes particular language in one section of a statute but omits it from another, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." 464 U.S. 16, 23, 104 S. Ct. 296, 78 L. Ed. 2d 17 (1983). Inasmuch as "we look to general rules of statutory construction to interpret and analyze the pertinent regulations", *Matter of H-N-*, 22 I. & N. Dec. 1039, 1041 (BIA 1999), therefore the fact that the Secretary of Homeland Security provided that "Motions to reopen or reconsider are not applicable to proceedings described in § 274a.9 of this chapter" in 8 CFR 103.5(a), but omitted it from the discussion of rejections in 8 CFR 103.2(a), means it should be presumed that the Secretary acted intentionally and purposefully in the disparate exclusion of this bar from her discussion of rejection. Nor is there anything in the Act, regulations or caselaw to overcome this presumption. Accordingly, the USCIS's holding that a petitioner cannot file a motion to reconsider or reopen the rejection of its H-1B petition is not in accordance with law.

III. USCIS'S REJECTION OF D'AQUILA'S AMENDED PETITON WAS NOT IN ACCORDANCE WITH LAW

29. The USCIS indicated that in addition to rejecting D'Aquila's motion to reconsider and/or reopen, it was also rejecting the amended H-1B petition (changing Ms. Liu's start date to 10/1/18) because it was filed after the FY 2018 selection period which ended April 6, 2018. The USCIS wrote that:

> On August 13, 2018, you submitted a motion to reopen and reconsider with a Form l-2908, Notice of Appeal or Motion. With the motion, you enclosed what you referred to as an "amended Form I- 129" on which you changed the requested employment start date to October 1, 20 1 8 (the start of the federal government's fiscal year 2019 (FY19) and requested that it be accepted for processing. The final receipt date for H- 1B cap-subject petitions seeking employment authorization commencing in FY l9 was April 6, 20 I 8. As stated in 8 CFR 214.2(h)(8)(ii)(B), petitions subject to a numerical limitation that are received after the final receipt date will be rejected, therefore, the amended petition must be rejected for filing after April 6,2018.

Exhibit E at 1.

8 CFR 214.2(h)(8)(ii)(B), the sole regulation which the USCIS relied upon in its decision, provides in relevant part that:…

> When calculating the numerical limitations or the number of exemptions under section 214(g)(5)(C) of the Act for a given fiscal year, USCIS will make numbers available to petitions in the order in which the petitions are filed. USCIS will make projections of the number of petitions necessary to achieve the numerical limit of approvals, taking into account historical data related to approvals, denials, revocations, and other relevant factors. USCIS will monitor the number of petitions (including the number of beneficiaries requested when necessary) received and will notify the public of the date that USCIS has received the necessary number of petitions (the "final receipt date"). …When necessary to ensure the fair and orderly allocation of numbers in a particular classification subject to a numerical limitation or the exemption under section 214(g)(5)(C) of the Act, USCIS may randomly select from among the petitions received on the final receipt date the remaining number of petitions deemed necessary to generate the numerical limit of approvals. … Petitions subject to a numerical limitation not randomly selected or that were received after the final receipt date will be rejected. Petitions filed on behalf of aliens otherwise eligible for the exemption under section 214(g)(5)(C) of the Act not randomly selected or that were received after the final receipt

    date will be rejected if the numerical limitation under 214(g)(1) of the Act has been reached for that fiscal year. …

    30. Nothing in this section prohibits amendments to H-1B petitions which have already been randomly selected.[1] Here D'Aquila's petition was in fact randomly selected by USCIS in the manner described in the regulation. Exhibit B (stating that "USCIS received your cap-subject H-1 B petition during this filing period and your petition was selected towards the cap."). Accordingly, the rejection of this petition based upon this regulation is likewise not accordance with law.

.

WHEREFORE this Court should hold unlawful and set aside the USCIS's decision rejecting D'Aquila's motion to reconsider and/or reopen and the amended H-1B petition filed in its support.

## COUNT IV

5 U.S.C. § 706(1) provides that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
> (1)
> compel agency action unlawfully withheld or unreasonably delayed;

The USCIS has both unlawfully withheld and unreasonably delayed a decision on D'Aquila's motion to reconsider and/or reopen by unlawfully rejecting it for the reasons stated above.

WHEREFORE this Court should order the USCIS to make a new decision on this motion within thirty (30) days of its decision to hold it unlawful and set it aside.

---

[1] What it does prohibit is *new* cap-subject H-1B petition after the final receipt dates, not amendments to petitions which have already been timely filed and randomly selected for consideration.

.

Respectfully submitted this 1st day of April, 2019

*s/Michael E. Piston*
Michael E. Piston (MI 002)
Attorney for the Plaintiffs
225 Broadway, Ste 307
New York, NY 10007
646-845-9895
michaelpiston4@gmail.com