# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| D'AQUILA ADVISORS LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 19-0036 (TNM) |
| KEVIN K. McALEENAN, Acting Director, U.S. Department of Homeland Security, et al., | ) |
| Defendants. | ) |

## REPLY IN FURTHER SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

JESSIE K. LIU, D.C. BAR # 472845
United States Attorney

DANIEL F. VAN HORN, D.C. BAR #924092
Chief, Civil Division

PAUL CIRINO
Assistant United States Attorney
Civil Division
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2529
Fax: (202) 252-2599
paul.cirino@usdoj.gov

*Counsel for Defendants*

OF COUNSEL:

Michael J. Ammerman
Associate Counsel
U.S. Citizenship and Immigration Services
Laguna Niguel, California

Dated: July 11, 2019

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

ARGUMENT .................................................................................................................................. 2

I.    USCIS PROPERLY REJECTED THE INITIAL PETITION ......................................... 2

      A.  USCIS Properly Rejected The Initial Petition Because It Was Submitted
          After the Final Receipt Date ................................................................................... 2

      B.  USCIS Does Not Have a Practice of Changing Information in an Improperly
          Filed Petition to Make It Conform to Filing Requirements ....................................... 4

II.   USCIS'S REJECTION OF THE MOTION TO REOPEN WAS PROPER ..................... 5

III.  USCIS PROPERLY REJECTED THE SECOND PETITION ......................................... 7

IV.  USCIS HAS NOT UNLAWFULLY WITHHELD OR UNREASONABLY
      DELAYED A DEICION ON THE MOTION TO REOPEN .......................................... 8

CONCLUSION …………………………........................................…………9

## TABLE OF AUTHORITES

**Cases**             Page(s)

*Auer v. Robbins*
   519 U.S. 452 (1997) ...................................................................................................7

*Buggs v. Powell*
   293 F.Supp.2d 135 (D.D.C. 2003) ............................................................................8

*Camp v. Pitts*
   411 U.S. 138 (1973) ...................................................................................................8

*Christopher v. SmithKline Beecham Corp.*
   567 U.S. 142 (2012) ...................................................................................................7

*Eva Care Group, LLC v. Baran*,
   No. 17 CV 4250, 2018 WL 6071008 (C.D. Cal. May 23, 2018) ...........................3, 4

*Kisor v. Wilkie*
   139 S.Ct. 2400 (2019) .................................................................................................7

*National Basketball Retired Players Association v. USCIS*,
   No. 16 CV 09454, 2017 WL 2653081 (N.D. Ill. June 20, 2017) ...........................2, 3

*Rimini Street, Inc. v. Oracle USA, Inc.*
   139 S. Ct. 873 (2019) .................................................................................................5

*Shankar v. ACS-GSI*
   258 F. App'x 344 (D.C. Cir. 2007) ............................................................................8

**Administrative Adjudications**

*In re Mendez*
   2007 Immig. Rptr. LEXIS 5866 (BIA 2007) .............................................................6

*Matter of E-S-*
   2017 WL 2340526 (DHS 2017) .................................................................................7

*Matter of P-E-, Inc.*
   2017 WL 2180932 (DHS 2017) .................................................................................7

**Statutes**

5 U.S.C. § 706(2)(A) ............................................................................................................1

**Rules**

Fed. R. Civ. P. 15(a)(2) ............................................................................................................9

Fed. R. Civ. P. 56(a) ................................................................................................................1

**Regulations**

8 C.F.R. § 103.5(a)(1)(ii) .........................................................................................................6

8 C.F.R. § 103.5(a)(1)(iii)(E) ...................................................................................................6

8 C.F.R. § 103.2(a)(7) ..............................................................................................................2

8 C.F.R. § 103.2(a)(7)(iii) .....................................................................................................5, 6

8 C.F.R. § 214.2(h)(8)(ii)(B) ....................................................................................................2

8 C.F.R. § 214.2(h)(9)(i)(B) .....................................................................................................2

8 C.F.R. § 214.2(h)(9)(ii)(B) ....................................................................................................4

**Publications**

UNITED STATES DEPARTMENT OF JUSTICE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
  BOARD OF IMMIGRATION APPEALS PRACTICE MANUAL, ch. 5.2(a)(i) .........................................5

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| D'AQUILA ADVISORS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-0036 (TNM) |
| ) | |
| KEVIN K. McALEENAN, Acting Director, ) | |
| U.S. Department of Homeland Security, et al., ) | |
| ) | |
| Defendants. ) | |

## REPLY IN FURTHER SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

Defendants, including Kevin K. McAleenan, Acting Director, U.S. Department of Homeland Security, have established that they were reasonable in rejecting Plaintiff's two petitions for a non-immigrant visa and Plaintiff's motion to reopen or reconsider Plaintiff's visa petition. Thus, under Federal Rule of Civil Procedure 56(a) and the standard of judicial review set forth in the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), summary judgment is appropriate.

In rejecting Plaintiff's initial I-129 Petition, as well Plaintiff's subsequent motion to reopen that petition and Plaintiff's second petition, Defendants properly applied the applicable statutes and regulations. Plaintiff advances a competing interpretation of those statutes and regulations, but relies only on unpersuasive cases, unsubstantiated claims of U.S. Citizenship and Immigration Service's past practices, and generalized principles of statutory construction. None of Plaintiff's arguments actually rebut Defendants' reasonable application of the applicable regulations in rejecting Plaintiff's submissions. This Court should grant Defendants' cross-motion for summary judgment and deny Plaintiff's motion for summary judgment.

**ARGUMENT**

**I.      USCIS PROPERLY REJECTED THE INITIAL PETITION.**

      **A.      USCIS Properly Rejected the Initial Petition Because It Was Submitted After the Final Receipt Date.**

In their opening brief, Defendants established that USCIS's rejection of the April 2, 2018 Form I-129 Petition (the "Initial Petition") was consistent with and plainly dictated by 8 C.F.R. § 214.2(h)(8)(ii)(B) because the Initial Petition was filed about one year after the final receipt date for Fiscal Year 2018.  Cross-Motion[1] at 8.[2]  Defendants also relied on *National Basketball Retired Players Association v. USCIS* ("*NBRPA*"), No. 16 CV 09454, 2017 WL 2653081 (N.D. Ill. June 20, 2017), which held that the agency was not precluded from rejecting a petition for reasons other than those specifically enumerated in 8 C.F.R. § 103.2(a)(7).  Cross-Motion at 9.

Plaintiff's opposition fails to present a cogent argument as to why the agency's application of its regulations was arbitrary, capricious or contrary to law.  Rather, Plaintiff raises a smattering of peripheral issues that do not adequately rebut Defendants' position.  For example, Plaintiff argues that USCIS improperly rejected the Initial Petition because it "sought the beneficiary's services . . . in FY 2019 as well as 2018." Opp'n[3] at 4.  Plaintiff fails to cite any legal authorities in support of this proposition, and the cases that it does cite merely reinforce Defendants' position.  *Id.*

---

[1] Citations to "Cross-Motion" refer to Defendants' Memorandum of Law in Support of Defendants' Cross-Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment, filed June 21, 2019.  ECF No. 14-1.

[2] Plaintiff correctly notes a typographical error in Defendants' brief, in which 8 C.F.R. § 214.2(h)(9)(i)(B) was incorrectly cited as 8 C.F.R. § 214.2(h)(9)(B).  Opp'n at 4-5 (citing Cross-Motion at 8).  The undersigned counsel apologizes for this mistake.

[3] Citations to "Opp'n" refer to Plaintiff's Statement of Points and Authorities in Opposition to Defendant's Cross-Motion for Summary Judgment and in Reply to Plaintiff's Motion for Summary Judgment, filed June 28, 2019.  ECF No. 16.

Plaintiff's attempt to distinguish *NBRPA* is unpersuasive. *Id.* at 4. Plaintiff asserts that the basis for the court's decision was that the visa petitioner had indicated an incorrect employment start date on the labor condition application ("LCA") rather than on the petition itself. *See id.* at 5-6. That is incorrect. In *NBRPA*, there was a factual question as to what intended start date the plaintiff had indicated on its Form I-129 petition; the court reviewed the available evidence, including the LCA, to conclude that the agency's "conclusion that the petition sought a pre-fiscal year 2017 start date was neither arbitrary nor capricious." *NBRPA*, 2017 WL 2653081, at *5. Plaintiff also appears to overlook USCIS's rejection notice to the plaintiff, in which USCIS stated that "[y]our Form I-129 petition subject to FY 17 cap has an employment start date earlier than 10/01/2016." *Id.* at *3. USCIS's reason for rejecting that plaintiff's petition was exactly the same as its reason for rejecting Plaintiff's petition in this case: the petition contained an intended start date prior to the start of the applicable fiscal year.

Plaintiff alleges that *Eva Care Group, LLC v. Baran*, Civ. No. 17-4250, 2018 WL 6071008, at *1 (C.D. Cal. May 23, 2018), is "far more relevant and persuasive" than *NBRPA*. Opp'n at 5. However, *Eva Care* does not support Plaintiff's claim. *Eva Care* involved an H-1B petition that was *correctly* filed on April 1, 2016 (the Fiscal Year 2017 filing period) and requested the *correct* start date of October 1, 2016 (the first day of Fiscal Year 2017). *Id.* at *1. In the instant case, Plaintiff filed the petition during the Fiscal Year 2019 filing period but *incorrectly* requested a start date in Fiscal Year 2018. In *Eva Care*, the petition was approved prior to October 1, 2016, with an effective date of October 1, 2016, because that was the date requested by the petitioner. *Id.* Contrary to Plaintiff's assertion, the agency did not move the requested start date. *Id.* The petitioner subsequently withdrew the petition and it was revoked. The legal issue in *Eva Care* was whether the allotted H-1B "cap" number had been retained by

3

the beneficiary despite the withdrawn and revoked visa petition, and whether the petitioner was therefore exempt from the cap on future petitions. *Id.* In contrast, the instant case involves whether the petition was received before or after the final receipt date for Fiscal Year 2018. *Eva Care* is thus irrelevant to this case.

### B. USCIS Does Not Have a Practice of Changing Information in an Improperly Filed Petition to Make It Conform to Filing Requirements.

Defendants' opening brief established that there is "no basis for Plaintiff's speculative argument that USCIS departed in this case from an established policy or practice." Cross-Motion at 10. Defendants' position was that "rejection of [an] H-1B petition, on the grounds that the petition listed an incorrect start date, was not contrary to law" and that the declaration considered by the Plaintiff as evidence of the practice had been rejected by the relevant tribunal. In response, Plaintiff asserts that 8 C.F.R. § 214.2(h)(9)(ii)(B) requires USCIS to "approve a petition effective the date of approval, even if" the requested start date has already passed. Opp'n at 7.

However, that regulation requires USCIS to grant a validity period commencing with the date of approval "[i]f a new H petition is *approved*." 8 C.F.R. § 214.2(h)(9)(ii)(B). Because Plaintiff's petition was never properly filed, it could not be adjudicated or approved, and the regulation is inapplicable to this case. The regulation does not indicate that agency can change a start date to correct an improper filing. USCIS's "past practice" that Plaintiff identifies—of granting a validity period commencing the date of approval—is inapplicable in the instant case, and Plaintiff has supplied no evidence that the agency has had a past practice of correcting incorrect intended start dates.

Therefore, this Court should grant summary judgment in favor of Defendants on Count I of the First Amended Complaint.

4

## II. USCIS'S REJECTION OF THE MOTION TO REOPEN WAS PROPER.

In their opening brief, Defendants established that, because the Initial Petition was rejected as improperly filed, there was no underlying petition on which to file a motion to reopen, USCIS's rejection of Plaintiffs Form I-290B (the "Motion to Reopen") was proper. Cross-Motion at 11. Plaintiff's opposition asserts that this theory renders superfluous 8 C.F.R. § 103.2(a)(7)(iii), which states that the "rejection of a filing with USCIS may not be appealed." Opp'n at 10-11. But Plaintiff "overstates the significance of statutory surplusage[, which] is not a silver bullet." *Rimini Street, Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 881 (2019). Rather, as the Supreme Court recently explained, the presumption against superfluousness "can supply a clue as to the better interpretation of a statute [or regulation]. But only a clue. Sometimes the better overall reading of the statute [or regulation] contains some redundancy." *Id.*

In the instant case, the more sensible interpretation of 8 C.F.R. § 103.2(a)(7)(iii) contains some redundancy. USCIS is not the only agency to take the position that one cannot file a motion to reopen a rejected petition. *See*, *e.g.*, UNITED STATES DEPARTMENT OF JUSTICE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, BOARD OF IMMIGRATION APPEALS PRACTICE MANUAL, ch. 5.2(a)(i) ("The Board cannot entertain motions for cases that have never been before it [including] appeals that were rejected for a filing defect.").[4]

Defendants' opening brief also explained that USCIS's rejection of the Motion to Reopen was consistent with the text of 8 C.F.R. § 103.2(a)(7)(iii) and 8 C.F.R. §103.5. Cross-Motion at 12-13. Plaintiff relies on a series of canons of judicial construction in support of the proposition

---

[4] Plaintiff correctly notes that internal agency guidelines lack the force of law. Opp'n at 9. However, Defendants' citations to agency practice manuals in this brief and in Defendants' Motion for Summary Judgment, Cross-Motion at 11, are intended only as informative analogies, *not* as sources of law.

5

that the two regulations should be construed narrowly. Opp'n at 12. Contrary to Plaintiff's assertion, the plain meaning of the two regulations supports USCIS's interpretation that one cannot file a motion to reopen a rejected petition. For example, 8 C.F.R. § 103.5(a)(1)(iii)(E) states that a motion to reopen must be "[s]ubmitted to the office maintaining the record upon which the unfavorable decision was made." 8 C.F.R. § 103.5(a)(1)(iii)(E) (2018). Because the Initial Petition was rejected for improper filing, no "decision" was ever made and no office maintained a record of the Initial Petition. Moreover, 8 C.F.R. § 103.2(a)(7)(iii) states that "[a] rejection of a filing with USCIS may not be appealed." A motion to reopen is a means of appealing a decision to "the official who made the latest decision in the proceeding," 8 C.F.R. § 103.5(a)(1)(ii) (2018), rather than appealing a decision to a different body, such as the Administrative Appeals Office. Thus, a regulation prohibiting appeals also prohibits motions to reopen.

Plaintiff's reliance on *In re Mendez,* 2007 Immig. Rptr. LEXIS 5866 at *2 (BIA 2007), for the assertion that "the grant of a motion to reopen negates any final decision previously made in the reopened proceedings" is misplaced. Opp'n at 9. This case is not like *Mendez.* In *Mendez*, there was an underlying merits-based deportation order made after an Immigration Judge reviewed the entire record upon which a motion to reopen could be filed. In the current case, there is no merits-based decision upon which to file a motion.

To the extent that any of the regulatory text is ambiguous, this Court should defer to USCIS's reasonable interpretation. Plaintiff correctly notes that deference is only warranted for an interpretation that "reflect[s] the agency's fair and reasoned judgment on the matter in question." *Auer v. Robbins*, 519 U.S. 452, 462 (1997). In *Kisor*, the Supreme Court recently stated that "a court should decline to defer to a merely 'convenient litigating position' or '*post*

6

*hoc* rationalizatio[n] advanced' to 'defend past agency action against attack.'" *Kisor v. Wilkie*, 139 S. Ct. 2400, 2417 (2019) (quoting *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 155 (2012)).  The instant case is not about such a *post-hoc* rationalization: USCIS has an established policy that "a petitioner may not file a motion to reopen a rejected [petition] because a [petition] that is rejected does not retain a filing date and therefore is neither filed nor decided on its merits." *Matter of P-E-, Inc.*, 2017 WL 2180932 (DHS 2017); *see also Matter of E-S-*, 2017 WL 2340526 (DHS 2017).  Contrary to Plaintiff's assertion that USCIS "didn't realize that it even had such a 'policy' until" part way through this case, Opp'n at 13, USCIS has had a consistent policy, since before Plaintiff even filed the Initial Petition, of refusing to consider motions to reopen the rejection of benefit requests.

The applicable regulations unambiguously state that one may not file a motion to reopen a rejected petition.  Moreover, to the extent that this Court does find the applicable regulations to be ambiguous, Defendants' reasonable interpretation should be controlling.  For these reasons, this Court should grant summary judgment in favor of Defendants on Count II of the First Amended Complaint.

**III.   USCIS PROPERLY REJECTED THE SECOND PETITION.**

Though Plaintiff initially challenged the rejection Plaintiff's "amended petition," ECF No. 1 at 11, Plaintiff has now pivoted to a new position: that the August 13, 2018 Form I-129 Petition (the "Second Petition") "was not submitted to the USCIS directly for filing, but rather as evidence" in support of the Motion to Reopen. Opp'n at 14.  It appears, then, that Plaintiff *no longer* challenges Defendants' rejection of the Second Petition.

"It is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those

7

arguments that the plaintiff failed to address as conceded." *Buggs v. Powell*, 293 F.Supp.2d 135, 141 (D.D.C. 2003). In *Shankar v. ACS-GSI*, 258 F. App'x 344, 345 (D.C. Cir. 2007), the D.C. Circuit determined that the plaintiff had abandoned one of his claims by failing to respond to the "detailed arguments" contained in the defendant's motion for summary judgment. Consequently, *Shankar* affirmed the district court's grant of summary judgment in favor of the defendant. *Id.*

Similarly, in the instant case, Defendants' cross motion for summary judgment included a detailed argument establishing that USCIS's rejection of Plaintiff's Second Petition was in accordance with law, *see* Cross-Motion at 13–17, to which Plaintiff did not respond.[5] *See* Opp'n at 14-15. Therefore, this Court should treat the arguments that Plaintiff failed to address as conceded, and grant summary judgment in favor of Defendants on Count III of the First Amended Complaint.

## IV. USCIS HAS NOT UNLAWFULLY WITHHELD OR UNREASONABLY DELAYED A DECISION ON THE MOTION TO REOPEN.

In their opening brief, Defendants established that USCIS had neither withheld nor delayed a decision on the Motion to Reopen because USCIS rejected the Motion to Reopen. *See* Cross-Motion at 17. In response, Plaintiff contends that USCIS "unlawfully withh[eld] and unreasonably delay[ed] a decision on the *merits* of" the Motion to Reopen by rejecting said motion. Opp'n at 15 (emphasis added). However, the Amended Complaint made no mention of

---

[5] Plaintiff responds to one aspect of the argument in Section III.B of Defendants' Cross Motion, but only to assert that Plaintiff submitted the requisite fees in support of the Second Petition. *See* Opp'n at 15; *see also* Cross-Motion at 16. However, Plaintiff did not submit checks in support of the Second Petition—Plaintiff submitted *copies* of the same checks that it had submitted in support of the Initial Petition. *See* ECF 7-5 at 25. Thus there is no error in the record in need of correction. Moreover, this Court reviews USCIS's decision on the basis of the administrative record that was before, and was considered by, USCIS in making its decision. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973).

the *merits* of the Motion to Reopen. *See* ECF No. 7 at 13. If Plaintiff wished to amend its pleading, Plaintiff should have sought such relief pursuant to Federal Rule of Civil Procedure 15(a)(2).

Moreover, even if Plaintiff were to amend the complaint, the illogical and contradictory argument that rejecting a submission amounts to unlawfully withholding a decision on said submission would be futile. Plaintiff appears to allege that USCIS is legally required to issue a merits-based decision on every submission it receives, but fails to identify any statute or regulation imposing such a duty upon the agency. *See* Opp'n at 15 (characterizing USCIS's rejection of the Motion to Reopen as "unlawfully" withholding a decision on that submission). Moreover, if a court were to endorse Plaintiff's position, the effect would be to prohibit USCIS—and, by extension, other federal agencies—from rejecting submissions due to procedural defects or improper filing.

Defendants, therefore, are entitled to summary judgment as to Count IV of the First Amended Complaint.

## CONCLUSION

For the reasons set forth above and in Defendant's Opening Brief, the Court should grant summary judgment in favor of Defendants with respect to all of Plaintiff's claims.

Dated: July 12, 2019                Respectfully submitted,

JESSIE K. LIU, D.C. BAR # 472845
United States Attorney

DANIEL F. VAN HORN, D.C. BAR #924092
Chief, Civil Division

　　　/s/ *Paul Cirino*
PAUL CIRINO
Assistant United States Attorney
Civil Division

9

                                               U.S. Attorney's Office for the District of Columbia
                                               555 4th Street, N.W.
                                               Washington, D.C.  20530
                                               Phone: (202) 252-2529
                                               Fax: (202) 252-2599
                                               paul.cirino@usdoj.gov

                                               *Counsel for Defendants*

OF COUNSEL:

Michael J. Ammerman
Associate Counsel
U.S. Citizenship and Immigration Services
Laguna Niguel, California